**Case No.** **CV 19-1255-MWF-SS**                    **Date:  December 2, 2019**

**Title:**      Buckley v. BMW North America, et al.

\Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: PLAINTIFF'S MOTION TO REMAND THIS ACTION TO STATE COURT [24]; AND DEFENDANT'S MOTION TO DISMISS CORRECTED SECOND AMENDED COMPLAINT [16]

Before the Court are two motions:

The first is Plaintiff Tristram Buckley's Motion to Remand this Action to State Court, ("Motion to Remand"), filed on July 25, 2019.  (Docket No. 24).  Defendant BMW North America ("BMW NA") filed an Opposition on August 16, 2019.  (Docket No. 26).  Plaintiff filed a Reply on August 28, 2019.  (Docket. No. 28).

The second is BMW NA's Motion to Dismiss the Corrected Second Amended Complaint ("Motion to Dismiss"), filed on May 20, 2019.  (Docket. No. 16).  Plaintiff filed an Opposition on July 8, 2019.  (Docket. No. 20).  BMW NA filed a Reply on July 15, 2019.  (Docket No. 22).

The Motion to Remand was noticed to be heard on September 9, 2019. The Motion to Dismiss was noticed to be heard on July 29, 2019, after a joint request to continue the hearing's original date of July 1, 2019.  The Court read and considered the papers on both Motions and deemed the matters appropriate for decisions without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearings were therefore **VACATED** and removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-1255-MWF-SS**                    **Date:  December 2, 2019**
Title:       Buckley v. BMW North America, et al.

The Court has read and considered the papers filed on the motions, and rules as follows:

- Plaintiff's Motion to Remand is **DENIED** because (1) BMW NA has established that complete diversity of citizenship exists; and (2) Plaintiff waived BMW NA's alleged failure to comply with the unanimity rule by not raising the procedural defect within the requisite 30-day period.

- BMW NA's Motion to Dismiss is **GRANTED** *in part* and **DENIED** *in part as moot* as follows:

  o **GRANTED** *with leave to amend* as to Plaintiff's misrepresentation fraud claims in Plaintiff's first and third causes of action because Plaintiff has failed to state with particularity the circumstances constituting the alleged fraud.

  o **GRANTED** *without leave to amend* as to Plaintiff's breach of express warranty claims in Plaintiff's fifth and sixth causes of action because Plaintiff has withdrawn those claims.

  o **GRANTED** *with leave to amend* as to Plaintiff's breach of implied warranty of merchantability under the Song-Beverly Act in Plaintiff's seventh cause of action because, as Plaintiff concedes, he failed to adequately state a claim.

  o **GRANTED** *with leave to amend* as to Plaintiff's Magnuson-Moss Warranty Act claim in Plaintiff's fourth cause of action because Plaintiff has failed to plead a breach of warranty claim under state law.

  o **DENIED** *as moot* as to Plaintiff's request for equitable relief because the Court has dismissed all of Plaintiff's claims against BMW NA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-1255-MWF-SS                    Date:  December 2, 2019
Title:      Buckley v. BMW North America, et al.

> o **DENIED** *as moot* as to BMW NA's request to dismiss Plaintiff's
> claims on Rule 8(a)(2) grounds because the Court has dismissed all
> of Plaintiff's claims against BMW NA on alternative grounds.

## I.   BACKGROUND

Plaintiff Tristram Buckley, an attorney representing himself, commenced this
action on October 23, 2018 in the Superior Court of California, County of Los
Angeles.  (Ex. A to Mot. to Dismiss (First Compl.) (Docket No. 1-1)).  Plaintiff
brought the action against BMW NA, Bayerische Motoren Werke Aktiengesellschaft
("BMW AG"), multiple BMW dealerships, and four individual sales agents employed
by the dealerships.  BMW NA is currently the only defendant participating in the
action.  While the action was pending in state court, Plaintiff filed a First Amended
Complaint and served that complaint on BMW NA.  (Ex. B. to Mot. to Dismiss (First
Am. Compl.) (Docket No. 1-2)).  On February 20, 2019, Defendant removed the action
under the Court's diversity jurisdiction.  (*See* Not. of Removal (Docket No. 1)).

After removal, Plaintiff filed a Second Amended Complaint on April 29, 2019
(Docket No. 13) and then a Corrected Second Amended Complaint ("CSAC") on May
6, 2019 (Docket. No. 14).

Plaintiff brings the following claims against BMW NA: (1) fraud and fraudulent
inducement (first cause of action); (2) violation of California's Consumer Legal
Remedies Act ("CLRA") and Unfair Competition Law ("UCL") (third cause of
action); (4) violation of the Magnuson-Moss Warranty Act (fourth cause of action);
and (5) breach of implied warranty of merchantability under the Song-Beverly Act
(seventh cause of action).  (CSAC ¶¶ 373–287). Plaintiff's claims stem from
allegations that several misrepresentations and omissions were made to him before he
purchased two used BMW vehicles—a Z4 and Z8—that contained multiple defects.

The following facts are based on the CSAC, which the Court assumes are true
and construes any inferences arising from those facts in the light most favorable to
Plaintiff.  *See, e.g., Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir.
2016) (restating the generally-accepted principle that "[o]rdinarily, when we review a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-1255-MWF-SS                    Date:  December 2, 2019
Title:        Buckley v. BMW North America, et al.

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff ….") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

The CSAC's failure to comply with Rule 8(a)(2), as discussed below, makes it difficult to discern the precise nature of Plaintiff's factual allegations.  For instance, the CSAC frequently uses the term "Defendants" without articulating which defendant engaged in the alleged conduct.  Additionally, the CSAC at times uses the term "BMW" to refer to a defendant without specifying which BMW defendant.  As a result, any references to Defendants collectively or BMW below reflect Plaintiff's use of those terms in the CSAC.

## A.     Plaintiff's Purchase of the Z4.

Plaintiff purchased a Z4 from a BMW dealership, Defendant South Shore BMW.  (CSAC ¶¶ 24, 217).  Plaintiff was provided a 90-day written warranty for the vehicle.  (*Id.*).  The CSAC does not state where South Shore BMW is located but implies that the dealership is not located in California.  (*See id.* ¶¶ 284, 332–33).

The Z4 contained five specific defects that were not communicated to Plaintiff: (1) defective wheels; (2) defective climate control system; (3) defective leather dashboard; (4) defective paint (the car had been repainted since leaving the factory); and (5) flood damage.  (*Id.* ¶¶ 7, 25–30).

Plaintiff communicated with sales agents Defendants Sota Sokol and Alan Zaidan about the Z4.  (*Id.* ¶ 220).  These agents told Plaintiff the Z4 contained no defects.  (*Id.* ¶¶ 221–22).  Specifically, they represented that the dashboard was not defective, and the paint was all original.  (*Id.*)  The agents also failed to disclose that the Z4 had signs of flood damage.  (*Id.* ¶ 229).  Additionally, the agents failed to disclose the class action lawsuit regarding the defective wheels and affirmatively represented that the tires had been replaced in the last week.  (*Id.* ¶¶ 243, 261).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                    Date:  December 2, 2019
Title:        Buckley v. BMW North America, et al.

Plaintiff also contacted BMW NA by telephone to inquire about the vehicle's history and BMW NA failed to disclose any defects.  (*Id. ¶ 7*).

Plaintiff alleges the following defects:

***The wheels*** were defective because manufacturing defects impacted the wheels' strength, durability, and integrity, causing these types of wheels to crack in as few as 10,000 miles.  (*Id.* ¶¶ 51–52).  All the Defendants knew about the defective wheels. (*Id. ¶¶* 51–60).  Plaintiff was drawn to these wheels due to BMW NA's marketing materials, including a brochure titled "The BMW Z4 Roadster, Outrun the Ordinary," which stated that the wheels at issue were an option high performance upgrade that increased the car's maximum speed limit.  (*Id. ¶¶* 53, 218, 254).  BMW NA and BMW AG knew the wheels were defective on these cars because BMW NA and BMW AG redesigned the wheels to fix the structural defects but did so covertly by not changing the part number for the wheel or its outward appearance so consumers would not know about the changes.  (*Id.*)  Additionally, the defective wheels were the subject of a class action.  (*Id. ¶* 61).  Plaintiff asserts that he was not a party to that class action (*Id. ¶* 99) without explaining why.  Additionally, the tires were not new as promised, but were instead many years old.  (*Id. ¶¶* 261–68).

Plaintiff complained to BMW regarding the defective wheels.  (*Id. ¶¶* 61–62). But, despite being under warranty, BMW failed to disclose that the wheels were defective and failed to replace them.  (*Id.*).

***The defective climate control system*** would blow hot air even if the climate control system was off, which required Plaintiff to use his air conditioning system constantly while driving.  (*Id. ¶¶* 43–50).  Engaging the air conditioning system typically decreases fuel economy by 25%.  (*Id. ¶* 47).  Defendants failed to disclose this defect when Plaintiff asked the BMW dealer and BMW NA regarding the Z4's prior defects.  (*Id. ¶* 50).  Plaintiff asserts that BMW NA and BMW AG knew about the defective climate control system (*Id. ¶* 43) but does not provide a basis for that belief.

Case No.  **CV 19-1255-MWF-SS**                    Date:  **December 2, 2019**

Title:       Buckley v. BMW North America, et al.

---

*The leather dashboard* was defective because the leather would shrink and pull up causing bubbles to form in the dashboard.  (*Id.* ¶¶ 101–05).  This defect caused dangerous reflections in the windshield.  (*Id.* ¶ 104).  BMW NA and BMW AG were also aware of this defective condition because it was discussed on internet forums.  (*Id.* ¶ 117).  Additionally, BMW issued a service bulletin advising dealers not to replace the defective dashboards because it was too costly.  (*Id.* ¶ 103).

Plaintiff expressly asked about this potential dashboard defect when purchasing the Z4 and Defendants expressly stated that there were no defects.  (*Id.* ¶¶ 107–112).  Prior to purchasing the Z4, Plaintiff asked for a photograph of the dashboard and Defendants sent a photograph that, upon further examination, intentionally concealed the damage.  (*Id.* ¶¶ 299–300).  Upon delivery of the vehicle, Plaintiff immediately advised Defendants of this defect and Defendants responded by saying that the defect had arisen after Plaintiff took possession of the vehicle.  (*Id.* ¶¶ 112–13).

*The paint*, upon delivery, had substantial and significant defects, which were readily visible and confirmed by individuals in the vehicle painting industry.  (*Id.* ¶¶ 168–69, 175–76, 304–07).

Plaintiff expressly asked whether there had been any paintwork done and Defendants at the BMW dealership responded by stating that the paintwork was all original.  (*Id.* ¶¶ 141, 164–65).  BMW NA also failed to disclose any paintwork history when Plaintiff inquired about the Z4's history.  (*Id.* ¶ 166).  The BMW factory paint process is a complicated process that cannot be replicated in any shop.  (*Id.* ¶¶ 149–63).

*Flood damage* included water exposure to the engine compartment, water corrosion to the engine's aluminum surfaces, debris inside the engine compartment, sand on the frame rails of the engine compartment, and rust and corrosion on the center of the wheels.  (*Id.* ¶¶ 269–75).  Defendants, in writing, represented the car had always been in the garage.  (*Id.* ¶ 274).

---

Case No.  CV 19-1255-MWF-SS                          Date:  December 2, 2019

Title:       Buckley v. BMW North America, et al.

After discovering the flood damage, Plaintiff emailed Defendant asking about it and Defendant said that there was no flood damage.  (*Id.* ¶ 277).  Defendants also said that they had inspected the vehicle and found no flood damage.  (*Id.* ¶¶ 277–79).

BMW NA and BMW AG knew that the Z8 contained ***defective neon brake lights, marker lights, and turn signal lights*** but failed to disclose or remedy these defects.  (*Id.* ¶ 64).  BMW knew its neon lights were defective as evidenced by being on its fourth version of the neon tail light despite low production numbers (*Id.* ¶¶ 65–71), and because BMW offered to replace the defective tail light assemblies free of charge to European owners (*Id.* ¶¶ 72, 207).  The defective lights were hazardous because if the brake lights failed another motorist would not know the Z8 was braking and could hit the vehicle.  (*Id.* ¶¶ 73–75).  The failure of the other lights could potentially cause a collision, and, thus, also present safety risks.  (*Id.* ¶ 319).

Plaintiff also asserts that the Z8's ***chassis is defective*** and bends due to normal roadway usage.  (*Id.* ¶¶ 208–16).  All defendants were aware of these defects.  (*Id.* ¶ 216).  There is an online forum dedicated to the Z8 frame issue and an online poll of Z8 owners showed that 25.3 to 28 percent of those polled indicated frame damage.  (*Id.* ¶¶ 213–14).

**B.       Defendants' Alleged Intentional Fraudulent Conduct and Plaintiff's Reliance on that Conduct.**

Defendants' actions were intentional and designed to deceive and defraud Plaintiff.  (*Id.* ¶ 403).

Plaintiff relied on the representations that the Z4 was free of defects when purchasing the vehicle and would not have purchased the Z4 had he known about these defects.  (*Id.* ¶¶ 10, 167, 254, 382, 387, 389, 392).  Plaintiff discovered the Z4's defects upon delivery.  (*Id.* ¶ 25).

Plaintiff would have never purchased the vehicles had the defects been disclosed to him.  (*Id.* ¶ 77).  The defects substantially impaired the use, value, and safety of the vehicles.  (*Id.* ¶ 78).

Case No.  **CV 19-1255-MWF-SS**                    Date:  **December 2, 2019**

Title:        Buckley v. BMW North America, et al.

Plaintiff alleges that BMW AG and BMW NA have engaged in a pattern and practice of intentionally concealing and misrepresenting defects to consumers.  (*Id.* ¶¶ 12–22).  Plaintiff cites to various news stories over the years about defects in BMW vehicles, BMW's conduct in response to those defects, and subsequent recalls.  (*Id.* ¶¶ 12–23, 80–82).

Plaintiff contacted "Mason" at BMW NA about these issues and Mason stated that this was unacceptable conduct and he would call the dealership directly to resolve the matter.  (*Id.* ¶¶ 308–09).  Despite making multiple calls, Plaintiff never heard back from Mason or anyone else at BMW NA.  (*Id.* ¶¶ 310–11).

If Defendants had not made misrepresentations and omissions concerning the Z4 and Z8, Plaintiff would not have purchased either vehicle, and, thus, would not have incurred the costs of the vehicles, as well as the costs of the vehicles' repairs, storage, finance, and insurance.  (*Id.* ¶ 223).  Plaintiff paid $3,700 for replacement tires and $4,753 to repair the leather dashboard of the Z4.  (*Id.* ¶¶ 252, 296).  The estimate to repair the Z4's paint is $18,000 to $20,000.  (*Id.* ¶¶ 188, 395).  "Plaintiff has also suffered loss of use damages with Enterprise *Exotic Car Rental* company renting Z4 at a weekly rate of just over $700 per week."  (*Id.* ¶ 402) (emphasis in original).

Plaintiff seeks general and special damages, including noneconomic damages for emotional distress and pain and suffering.  (*Id.* at 70).  Plaintiff also seeks punitive damages, disgorgement of profits received, injunctive relief, statutory damages, and attorney's fees and costs.  (*Id.*).

## II.     THE MOTION TO REMAND

### A.      Legal Standards

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-

**Case No.** CV 19-1255-MWF-SS                    **Date:** December 2, 2019

**Title:**        Buckley v. BMW North America, et al.

canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014). To establish diversity, "[c]omplete diversity of citizenship" is required, such that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). Even if there is complete diversity of citizenship, an action may not be removed solely on the basis of diversity jurisdiction if any of the properly joined and served defendants is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

In addition to establishing subject matter jurisdiction, the removing party must also comply with certain procedural mandates. At issue here is the rule of unanimity, which requires that all properly served and joined defendants "must join in or consent to the removal." 28 U.S.C § 1446(b)(2)(A). "Failure to comply with the … unanimity requirement renders the removal procedurally defective." *Ford v. New United Motors Mfg., Inc*., 857 F. Supp. 707, 708–09 (N.D. Cal. 1994). A defect in the removal procedure must be raised in the district court within 30 days after the filing of the notice of removal or it is waived. 28 U.S.C § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (concluding that because removal "procedural requirements exist primarily for the protection of the parties," they can be waived.)

Case No. **CV 19-1255-MWF-SS**                    Date:  **December 2, 2019**
Title:        Buckley v. BMW North America, et al.

## B.    **Discussion**

The parties do not dispute that the amount in controversy exceeds $75,000.  (*See* Pl.'s Mot. to Remand ("MTR") (Docket No. 24); Def.'s Opp'n to Pl.'s Mot. to Remand ("Opp'n to MTR") (Docket No. 26)).  The parties also do not dispute that Plaintiff is a citizen of California or the citizenship of the defendants aside from BMW NA.  (*See id.*).  The parties only dispute the citizenship of BMW NA, a limited liability company.

In his Motion to Remand, Plaintiff argues that BMW NA is a citizen of California.  (MTR at 4–9; Pl.'s Reply in Supp. of Mot. to Remand ("MTR Reply") at 2 (Docket No. 28)).  Plaintiff's argument is grounded in what Plaintiff characterizes as BMW NA's "dramatic, pervasive and significant" contacts with California due to BMW NA's role as a major employer in the state, its corporate facilities and design center in the state, and its generation billions of dollars in revenue and taxes for the state. (MTR at 4–9.)  Plaintiff also contends that exercising diversity jurisdiction in this matter would be contrary to the intent of the Framers of the Constitution.  (MTR Reply at 2–8.)

In its Opposition, BMW NA reiterates what it alleged in its Notice of Removal: BMW NA is a citizen of Delaware and New Jersey because it is a wholly owned subsidiary of BMW (US) Holding Corporation, which is "incorporated under the laws of Delaware, and has its headquarters and principal place of business in the State of New Jersey."  (Opp'n to MTR at 2; Not. of Removal at 5).  BMW NA's Notice of Removal incorporates its corporate disclosure statement, which contains the same assertions about BMW (US) Holding Corporation.  (Not. of Removal at 5; Corp. Disclosure Statement ¶ 1 (Docket No. 4)).

A notice of removal need only "contain[ ] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  "A removing defendant ... need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, No. CV 14-01336 MMM (JCx), 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014).  "The allegations in the notice of removal are taken as true; the burden of adducing

**Case No.  CV 19-1255-MWF-SS**                    **Date:  December 2, 2019**

**Title:**      Buckley v. BMW North America, et al.

evidence to support them is only triggered if the plaintiff adduces evidence in a motion to remand that rebuts the factual allegations." *Id.*

For purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, to properly plead diversity, a limited liability company "must affirmatively allege the citizenship of each of its members." *Miller v. BMW of N. Am., LLC*, No. CV 2:18-02498 JAM (KJN), 2018 WL 6243019, at *2 (E.D. Cal. Nov. 29, 2018).  Here, BMW NA has asserted that it is wholly owned by BMW (US) Holding Corporation.  Therefore, BMW NA's citizenship is determined by the citizenship of BMW (US) Holding Corporation.

A corporation is a deemed a citizen of (1) the state by which it has been incorporated and (2) the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" refers to the "nerve center" of the corporation: the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  The nerve center "should normally be the place where the corporation maintains its headquarters …." *Id.*

BMA NA asserts it is a citizen of Delaware and New Jersey because BMW (US) Holding Corporation is "incorporated under the laws of Delaware, and has its headquarters and principal place of business in the State of New Jersey." (Not. of Removal, at 5).  And Plaintiff does not dispute that BMW (US) Holding Corporation is incorporated in Delaware or that its headquarters and principal place of business are in New Jersey. (*See* MTR; Reply MTR).  Instead, Plaintiff improperly focuses on BMW NA's contacts with California.

As Defendant correctly notes (Opp'n MTR at 3–4), Plaintiff seems to confuse the test to establish personal jurisdiction with the test for establishing citizenship for purposes of diversity jurisdiction.  That BMW NA has contacts with California or conducts substantial business activities in California is not determinative of BMW NA's citizenship for the purposes of diversity jurisdiction since its citizenship is determined by that of BMW (US) Holding Corporation.  Furthermore, the Supreme

**Case No.** **CV 19-1255-MWF-SS**                    **Date:** **December 2, 2019**

**Title:**      Buckley v. BMW North America, et al.

Court has rejected the business activities approach to determining corporate citizenship for diversity jurisdiction. *Hertz Corp.*, 559 U.S. at 93–95. Accordingly, Plaintiff has not alleged or adduced any evidence to rebut BMW NA's assertion that it is a citizen of Delaware and New Jersey, and, BMW NA therefore has carried its burden in establishing that complete diversity of citizenship exists.

Plaintiff also argues that this action should be remanded because a properly served defendant, European Automotive Gallery, Inc., did not join in BMW NA's removal. (MTR at 9). Plaintiff did not raise this alleged procedural defect until July 25, 2019, well after the 30-day deadline to raise procedural defects in the removal procedure expired. Accordingly, BMW NA's alleged failure to comply with the unanimity rule has been waived by Plaintiff and this Court has no authority to remand the action on that basis. *See N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (holding that, under section 1447(c), "the district court had no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal.").

Accordingly, Plaintiff's Motion to Remand is **DENIED**.

## III.   THE MOTION TO DISMISS

### A.   <u>Legal Standards</u>

#### 1.   **Rule 12(b)(6) Standards.**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a

Case No.  **CV 19-1255-MWF-SS**                    Date:  **December 2, 2019**

Title:        Buckley v. BMW North America, et al.

claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

## 2.        Rule 9(b)'s Particularity Requirements for Fraud-Based Claims.

Fraud-based claims, even those arising under the CRLA and the UCL, are governed by Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (reaffirming that the Rule 9(b) standard applies to claims under the CRLA and the UCL where the claims are based on fraudulent conduct, including nondisclosure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 19-1255-MWF-SS**                    Date: **December 2, 2019**
Title:        Buckley v. BMW North America, et al.

claims). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted).

Because of this heightened pleading standard, courts have held that fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). In other words, "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). When a suit involves multiple defendants, plaintiffs must "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 764 (alterations in original) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

## B.    Discussion

### 1.    Plaintiff's Fraud Claims Concerning BMW NA's Alleged Misrepresentations Fail to Comply with Rule 9(b)'s Particularity Requirement.

Plaintiff brings fraud-based claims under common law fraud principles, the CLRA, and the UCL in Plaintiff's first and third causes of action based on the alleged misrepresentations that the Z4 and Z8 were free of defects prior to Plaintiff's purchases. (CSAC ¶¶ 373–195, 204–44).

In its Motion to Dismiss, BMW NA argues that Plaintiff's fraud-based claims do not comply with Rule 9(b) because Plaintiff fails to allege a misrepresentation by BMW NA that Plaintiff relied on prior to purchasing the Z4 and Z8. (Memo. of P&A in Supp. of Def.'s Mot. to Dismiss ("MTD Memo") at 4–5 (Docket No. 16-1)). BMW NA asserts that the only allegations that support an interaction between Plaintiff and BMW NA prior to the purchase of either vehicle are contained in paragraphs 7 and 8

**Case No.** CV 19-1255-MWF-SS                    **Date:** December 2, 2019
**Title:**     Buckley v. BMW North America, et al.

where Plaintiff vaguely claims to have had a telephone call with BMW NA about the Z4 prior to making his purchase, which is insufficient to satisfy Rule 9(b). (*Id.*).

In response, Plaintiff first claims because of a "computer glitch" an entire section of the CSAC was deleted, and it was the deleted section that contained the factual allegations concerning the Z8. (Opp'n to MTD at 1–2, 7). Plaintiff requests that he be given leave to amend to add these deleted allegations. (*Id.* at 7). Next, Plaintiff argues that the CSAC contains sufficient facts to establish a prima facie case of fraud and cites to specific portions of the CSAC that purportedly contain these factual allegations. (*Id.* at 7–8, 11–17). As part of this argument, Plaintiff asserts that his CLRA and UCL-based fraud claims are subject to more lenient pleading standards than his fraud claim. (*Id.* at 14). Additionally, Plaintiff requests leave to amend if any of the fraud elements are not sufficiently clear. (*Id.* at 8).

In reply, Defendant argues that although the CSAC states that Plaintiff made two telephone calls to BMW NA prior to purchasing the vehicles, those allegations are insufficient because Plaintiff does not state the specific content of the false representations or provide any specific information to put Defendant on notice of the particular misconduct at issue. (Def.'s Reply in Supp. of Mot. to Dismiss CSAC ("MTD Reply") at 5–6 (Docket No. 22)).

The Court agrees with BMW NA. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale … of goods or services to any consumer." Cal. Civ. Code § 1770. The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To state a claim for fraud by misrepresentation, a plaintiff must plead "(1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Orient Handel v. U.S. Fid. & Guar. Co.*, 192 Cal. App. 3d 684, 692, 237 Cal. Rptr. 667 (1987).

| | |
|---|---|
| **Case No.** CV 19-1255-MWF-SS | **Date:** December 2, 2019 |
| **Title:** Buckley v. BMW North America, et al. | |

Plaintiff's CSAC fails to state with particularity the circumstances constituting the alleged fraud perpetrated by BMW NA as to both the Z4 and Z8. Starting with the Z8, the CSAC does not sufficiently allege the time, place, identities of parties to the misrepresentations, and specific content of the false representations. While Plaintiff claims that the section of the CSAC regarding the Z8 misrepresentations was inadvertently deleted, Plaintiff asserts that the CSAC nonetheless contains the necessary information in paragraph 193. (Opp'n to MTD at 15).

Paragraph 193 provides that "BMW NA and BMW AG knowingly sold a vehicle (Z*) [sic] with a defective taillight, brake and turn signal system, falsely represented to the Plaintiff that the system was not defective when in fact the system is defective and creates a dangerous vehicle condition to the Plaintiff and other motorists." (CSAC ¶ 193). This vague allegation does not contain the level of specificity required under Rule 9(b). Although Plaintiff does mention in another part of the CSAC that he contacted BMW NA Customer Service to inquire if there were any defects concerning the vehicle (CSAC ¶ 55), Plaintiff does not specify which "vehicle" and Plaintiff's Opposition implies that the vehicle he is referring to in that paragraph is the Z4 (*see* Opp'n to MTD at 15). Regardless, even considering that paragraph, as well as the rest of the CSAC, the necessary information concerning the Z8 misrepresentations is missing.

The reason why the information is missing does not change the analysis: Plaintiff has failed to state with particularity the circumstances constituting the alleged fraud concerning his purchase of the Z8, and, thus he has failed to adequately plead his fraud claim as it relates to the Z8. *See, e.g., Vess*, 317 F.3d at 1106–07 (affirming dismissal of Plaintiff's claims under Rule 9(b) where plaintiff alleged a fraudulent conspiracy but did not provide the particulars of how the alleged conspiracy occurred, including the specific misrepresentations and when or where they occurred); *Swartz*, 476 F.3d at 765 (concluding that plaintiff's complaint patently failed to comply with Rule 9(b) as to certain defendants because the complaint asserted general allegations that "defendants" engaged in fraudulent conduct without attributing misconduct specifically to those individual defendants, and this deficiency was not saved by

Case No. **CV 19-1255-MWF-SS**                    Date:  **December 2, 2019**
Title:        Buckley v. BMW North America, et al.

plaintiff's conclusory allegations that those defendants knew of the other defendants' false statements).

Next, turning to the Z4, although the CSAC includes more information about the Z4 purchase than the Z8, it still fails to state with particularity the circumstances constituting the fraud.  Plaintiff's argument that specific paragraphs provide sufficient factual allegations to satisfy Rule 9(b) (Opp'n to MTD at 15) is belied by the content of those paragraphs.  Plaintiff appears to allege that Plaintiff contacted BMW NA Customer Service by telephone to inquire about the history of the Z4.  (CSAC ¶¶ 7–8, 55).  Yet, Plaintiff does not supply the timing of the communication, the specific parties involved in the communication, or the specific content of the communications.  The rest of the CSAC is similarly missing factual allegations concerning the Z4 misrepresentations allegedly made by BMW NA.

Further, although the CSAC alleges Plaintiff relied on misrepresentations made by BMW NA and BMW AG in advertisements, including a BMW brochure about the wheels of the Z4 (CSAC ¶¶ 53, 218, 254), the CSAC does not allege the other necessary information, such as when Plaintiff viewed the brochure or specific information about the other advertisements, including which advertisements, when he viewed those advertisements, and the material misrepresentations contained in those advertisements that he relied on in purchasing the Z4.  *See Kearns*, 567 F.3d at 1126 (finding that plaintiff's complaint failed to comply with Rule 9(b) where the complaint alleged that defendant made misrepresentations in its television advertisements but did not specify which advertisements, what the advertisements stated, when plaintiff was exposed to the advertisements, or which advertisements plaintiff found material).

As a result, because Plaintiff fails to allege the time, place, identities of the parties involved, and the specific content of the misrepresentations made by BMW NA regarding the Z4, Plaintiff has failed to adequately plead his fraud claim as it relates to the Z4.  *See, e.g.*, *Gonzalez v. Wells Fargo Bank, N.A.*, No. 16-2656 MWF (Ex), 2016 WL 10987345, at *3 (C.D. Cal. Nov. 9, 2016) (holding that the complaint did not meet the Rule 9(b) standards because it did not put defendant on notice of who made the

**Case No.** **CV 19-1255-MWF-SS**                    **Date:** **December 2, 2019**
**Title:**        **Buckley v. BMW North America, et al.**

fraudulent statements and when, and it did not give a particularized description of how defendant could have known the statements were fraudulent).

Accordingly, because Plaintiff has failed to state with particularity the circumstances constituting the fraud allegedly perpetrated by BMW NA as to both the Z4 and Z8 as required by Rule 9(b), Defendant's Motion to Dismiss is **GRANTED** ***with leave to amend*** as to Plaintiff's misrepresentation fraud claims in his first and third causes of action.

Additionally, it is unclear whether Plaintiff is also asserting a claim based on an alleged failure to disclose safety defects. Because the Court is granting leave to amend, any amended complaint should clarify whether Plaintiff is asserting a claim based on a failure to disclose safety defects, so that BMW NA may have an opportunity to brief the issue and the Court can decide on a complete record.

### 2.        Plaintiff has Withdrawn his Breach of Express Warranty Claims.

Plaintiff alleged breach of express warranty claims against BMW NA in his fifth and sixth causes of action. (CSAC ¶¶253–72). Defendant moved to dismiss those claims. (MTD Memo at 6–7). In response, Plaintiff notes that "[w]ith respect to the breach of warranty claims set forth in the CSAC, the claim for breach of an express warranty are not as to the moving Defendant but as to the other Defendants." (Opp'n to MTD at 8).

Accordingly, because Plaintiff now indicates that he is no longer asserting breach of express warranty claims against BMW NA, Defendant's Motion to Dismiss Plaintiff's breach of express warranty claims against BMW NA in his fifth and sixth causes of action is **GRANTED** ***without leave to amend***.

Case No.  **CV 19-1255-MWF-SS**                    Date:  December 2, 2019
Title:        Buckley v. BMW North America, et al.

### 3.      Plaintiff Concedes that He Did Not State a Claim for Breach of Implied Warranty of Merchantability under the Song-Beverly Act.

Plaintiff brings a breach of implied warranty of merchantability under the Song-Beverly Act claim against BMW NA.  (CSAC ¶¶ 273–87).

Defendant moves to dismiss this claim, arguing that Plaintiff has failed to state a claim as a matter of law because Plaintiff's purchase is not covered under the Act since the vehicles he purchased are used vehicles and those vehicles were purchased out of state.  (MTD Memo at 7–8).  In response, Plaintiff does not address the substance of Defendant's argument.  (Opp'n to MTD).  Plaintiff acknowledges that this claim was insufficiently pled, and requests leave to amend.  (Opp'n to MTD at 18).

In reply to Plaintiff's concession, Defendant argues that Plaintiff should not be given the opportunity to amend because no amendment will change the fact that Song-Beverly Act does not apply to Plaintiff's purchases.  (MTD Reply at 7).

The Court will provide Plaintiff with the opportunity to amend the CSAC as requested because it is not clear whether amendment would be futile.  *See Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir. 2000) ("An order granting such a motion must be accompanied by leave to amend unless amendment would be futile").  Accordingly, Defendant's Motion to Dismiss as to Plaintiff's breach of implied warranty of merchantability under the Song-Beverly Act claim is **GRANTED** *with leave to amend*.

### 4.      Plaintiff Fails to State a Claim under the Magnuson-Moss Warranty Act Because Plaintiff Has Failed to Plead a Breach of Warranty Claim Under State Law.

Plaintiff brings a claim under the Magnuson-Moss Warranty Act in his fourth cause of action.  (CSAC ¶¶ 245–52).

Case No. **CV 19-1255-MWF-SS**                    Date: **December 2, 2019**

Title:      Buckley v. BMW North America, et al.

BMW NA moves to dismiss Plaintiff's Magnuson-Moss Warranty Act claim. (MTD Memo at 8–9). Defendant argues that Plaintiff's claim fails because Plaintiff has not pleaded a breach of warranty claim under state law, as required by the Magnuson-Moss Warranty Act. (*Id.*). Plaintiff's Opposition does not respond to this argument.

Defendant is correct that "claims under the Magnuson-Moss Act stand or fall with … express and implied warranty claims under state law." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). Therefore, to the extent Plaintiff's express and implied warranty claims fail, so too does Plaintiff's Magnuson-Moss Warranty Act claim. Plaintiff has withdrawn his breach of express warranty claims against BMW NA, so those claims cannot serve as a basis for Plaintiff's Magnuson-Moss Warranty Act claim. Although Plaintiff conceded that he did not sufficiently plead his breach of implied warranty claim, the Court has granted Plaintiff leave to amend his implied warranty claim against BMW NA. As a result, that claim still remains a possible basis for Plaintiff's Magnuson-Moss Warranty Act claim.

Yet, as the CSAC currently stands, Plaintiff has not stated a claim under the Magnuson-Moss Warranty Act because, by Plaintiff's own admission, he has not stated a breach of implied warranty claim. Accordingly, Defendant's Motion to Dismiss as to Plaintiff's Magnuson-Moss Warranty Act claim in his fourth cause of action is **GRANTED** *with leave to amend*.

> **5.**      **BMW NA's Motion to Dismiss Plaintiff's Request for Equitable Relief Is Moot.**

BMW NA moves to dismiss Plaintiff's request for equitable relief in the form of restitutionary disgorgement and injunctive relief. (MTD Memo at 9). But because the Court has granted BMW NA's Motion to Dismiss as to all of Plaintiff's claims, Defendant's request is moot. Accordingly, Defendant's Motion to Dismiss Plaintiff's requests for equitable relief is **DENIED** *as moot*.

Case No.  **CV 19-1255-MWF-SS**                    Date:  **December 2, 2019**

Title:        Buckley v. BMW North America, et al.

## 6.    BMW NA's Motion to Dismiss on Rule 8(a)(2) Grounds Is Moot.

BMW NA argues that the entire CSAC should be dismissed under Rule 8(a)(2) because it is confusing, unnecessarily lengthy, and contains repetitive and irrelevant allegations.  (MTD Memo at 3–4).  BMW NA also notes that Plaintiff lumps together defendants and vehicles throughout the Complaint without ascribing particular actions to specific defendants or about which vehicle.  (*Id.*).

In response, Plaintiff simply asserts that the CSAC was not intended for federal court because Plaintiff initiated the action in state court.  (Opp'n to MTD at 6).  This assertion rings hollow given that Plaintiff filed the CSAC after the action was removed to this Court.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Allen v. Boeing Co.*, 821 F.3d 1111, 1119 (9th Cir. 2016) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rule 8 may be violated not only when a pleading "says *too little*," but also "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original); *see also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming a dismissal under Rule 8 and acknowledging that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

Here, Plaintiff's 70-page CSAC violates Rule 8(a)(2) because it is needlessly lengthy and fails to simply, concisely, clearly, and directly identify the specific facts giving rise to each claim against each defendant.  The unorganized, repetitive and vague nature of the allegations in the CSAC makes it hard to follow and difficult to discern the precise nature of Plaintiff's claims.  Plaintiff's failure to distinguish between Defendants in most of the CSAC and vehicles adds to the confusion.  Plaintiff's CSAC manages to say too little and too much at the same time.

**Case No.** **CV 19-1255-MWF-SS**                    **Date:** **December 2, 2019**

**Title:**       Buckley v. BMW North America, et al.

---

The failure to have consecutive paragraph numbers illustrates that the CSAC is simply cut-and-paste junk.

Although the Court agrees that the CSAC violates Rule 8(a)(2), because the Court has granted Defendant's Motion to Dismiss on alternative grounds, Defendant's Motion to Dismiss under Rule 8(a)(2) is **DENIED** *as moot*.  But, to be clear: Any amended complaint must comply with Rule 8(a)(2), containing only the essential details concerning Plaintiff's claims organized in a clear and direct manner, and distinguishing between defendants and vehicles to avoid unnecessary confusion.

## IV.   CONCLUSION

Plaintiff's Motion to Remand is **DENIED**.

BMW NA's Motion to Dismiss Plaintiff's claims is **GRANTED** *in part* **and DENIED** *in part*.  BMW NA's Motion to Dismiss is **GRANTED** *with leave to amend* as to Plaintiff's misrepresentation fraud claims in the first and third causes of action, the Magnuson-Moss Warranty Act claim in the fourth cause of action, and Song-Beverly Act claim in the seventh cause of action and **GRANTED** *without leave to amend* as to Plaintiff's breach of express warranty claims in the fifth and sixth causes of action.  BMW NA's Motion to Dismiss the entire CSAC under Rule 8 and to dismiss Plaintiff's request for equitable relief is **DENIED** *as moot*.  None of Plaintiff's claims against BMW NA survive the Motion to Dismiss.

Plaintiff shall file a Third Amended Complaint on or before **December 16, 2019**.  The Third Amended Complaint shall be limited to correcting the prolix style that violates Rule 8 and to amending the first, third, fourth, and seventh causes of action.  Plaintiff may not allege other causes of action.

Plaintiff is warned that any future successful motion to dismiss shall be granted without leave to amend.

IT IS SO ORDERED.

---