UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-1255-MWF-SS | Date: July 1, 2020 |
| Title: Buckley v. BMW North America, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:　　　　　　　　　　　Court Reporter:
Rita Sanchez　　　　　　　　　　　　Not Reported

Attorneys Present for Plaintiff:　　　Attorneys Present for Defendant:
None Present　　　　　　　　　　　　None Present

**Proceedings (In Chambers):** ORDER RE: PLAINTIFF'S MOTION FOR RELIEF FROM ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [51]

Before the Court is Plaintiff's Motion For Relief From Order Granting Defendant BMW NA's Motion To Dismiss Pursuant To Fed. R. Civ. P. 60(b) (the "Motion"), filed on April 8, 2020. (Docket No. 51). Defendant BMW North America ("BMW NA") filed an Opposition on April 17, 2020 (Docket No. 52). Plaintiff filed a Reply on April 27, 2020. (Docket No. 53).

The Motion was noticed to be heard on May 11, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing was further required by the Continuity of Operations Plan arising from the COVID-19 emergency. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons stated below, Plaintiff's Motion is **DENIED**.

## I.   BACKGROUND

The Court extensively summarized this case's background in its March 9, 2020 Order Granting Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint ("MTD Order") and incorporates that discussion here. (*See* Docket No. 41). Briefly,

Case No.  CV 19-1255-MWF-SS                              Date:  July 1, 2020
Title:    Buckley v. BMW North America, et al.

Plaintiff Tristram Buckley, an attorney representing himself, commenced this action on October 23, 2018. (Complaint (Ex. A to Not. of Removal) (Docket No. 1-1)). Plaintiff's claims stem from allegations that misrepresentations and omissions were made to him before he purchased two used BMW vehicles—a Z4 and Z8—that contained defects. (*See id.*).

On December 16, 2019, Plaintiff filed his Third Amended Complaint ("TAC"). (Docket No. 32). Plaintiff's TAC alleged the following claims against BMW NA: (1) fraudulent misrepresentations and omissions concerning the BMW Z4 (first cause of action); (2) fraudulent misrepresentations and concealment concerning the BMW Z8 (second cause of action); (3) violation of California's Consumer Legal Remedies Act ("CLRA") (fourth cause of action); (4) violation of the California's Unfair Competition Law ("UCL") (fifth cause of action); (5) violation of the CLRA and UCL (sixth of cause of action). (TAC ¶¶ 94–432).

Plaintiff's claims were based, in part, on Plaintiff's call to BMW NA's customer relations department during which Plaintiff inquired into the subject Z4's history, including information concerning defects. (*Id.* ¶¶ 95–103). Plaintiff later purchased the subject Z4, and learned that it had defects that were not disclosed during the call. (*Id.* ¶¶ 111–115). Before purchasing the Z4, Plaintiff had a similar call with BMW NA's customer relations department concerning a Z8 that Plaintiff later purchased. (*Id.* ¶¶ 192–194). During that call, Plaintiff inquired into defects in the Z8 that were known to BMW NA. (*Id.* ¶ 196). Plaintiff would later discover that contrary to the representative's claims, the Z8 had defects known to BMW NA. (*Id.* ¶¶ 197–200).

The Court issued the MTD Order on March 9, 2020, dismissing Plaintiff's claims against BMW NA without leave to amend and entering judgment against Plaintiff as to BMW NA. (*See* MTD Order 1-27). With respect to Plaintiff's fraud-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                          Date:  July 1, 2020
Title:    Buckley v. BMW North America, et al.

based claims concerning the Z4 in his first, fourth, and fifth causes of actions, the Court stated in part:

> Plaintiff fails to provide sufficient factual allegations, which are within his knowledge, that would allow BMW NA to prepare an adequate answer. BMW NA admits that it could theoretically identify the Customer Relations representative who participated in the phone call, but credibly asserts that Plaintiff has not provided enough information from which it could realistically do so. The TAC does not contain the Z4's vehicle identification number, the phone number from which Plaintiff called BMW NA Customer Relations, or a precise date or limited timeframe for that call. Although the middle of September 2015 might be sufficient if coupled with other specific information, on its own, it fails to cure the TAC's lack of specificity.

(*Id.* 19-20 (citations omitted)).

> The Court continued:
>
> Plaintiff's argument that his failure to identify the Customer Relations representative should be excused because discovery would reveal the representative's identity fails because Plaintiff has not pled sufficient facts to make retrieval of the phone call possible. Thus, because Plaintiff fails to sufficiently plead sufficient facts to put BMW NA on notice of the timing of the call and the identity of the Customer Relations representative involved in the call, Plaintiff's fraud claims concerning the Z4 fail under Rule 9(b). Because Plaintiff has failed to plead with particularity the when and who of the circumstances constituting the fraud, the Court need not analyze whether Plaintiff has sufficiently pled the other circumstances of the fraud.

(*Id.* 20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                              Date:  July 1, 2020
Title:    Buckley v. BMW North America, et al.

The Court therefore dismissed Plaintiff's fraud-based claims concerning the Z4 without leave to amend. (*Id.*)  With respect to the fraud-based claims concerning the Z8 in Plaintiff's second, fourth, and fifth causes of action, the Court stated in part:

> Just as with the Z4, Plaintiff alleges that he does not remember the name of the BMW NA Customer Relations representative he spoke with and provides no identifying information about the representative.  While this deficiency might be excusable if Plaintiff provided other information about the call such that BMW NA might be able to locate the call, he does not.  Plaintiff does not provide the Z8's vehicle identification number, the phone number from which Plaintiff called BMW NA Customer Relations, or the timing of the call.  Even more egregious than the Z4 allegations, Plaintiff does not even provide a date range for the call.  All Plaintiff alleges is that the call occurred before Plaintiff purchased the Z8 and Plaintiff purchased the Z8 before he purchased the Z4.  This lack of specificity regarding the timing and the identity of the Customer Relations representative is wholly deficient because it leaves BMW NA in the dark and unable to answer the allegations, other than to deny any wrongdoing.

(MTD Order 21-22).

The Court thus determined that Plaintiff's alleged communications with BMW NA concerning the Z8 were deficiently pled and dismissed Plaintiff's fraud-based claims to the extent they were based on those communications.  (*Id.* 22).  The Court also determined that advertisements described in Plaintiff's TAC were deficiently pled and unactionable puffery that could not form the basis of Plaintiff's fraud-based claims.  (*Id.* 22-25).  Accordingly, the Court dismissed Plaintiff's fraud-based claims concerning the Z8 in his second, fourth, and fifth causes of action.  (*Id.* 25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                              Date:  July 1, 2020
Title:     Buckley v. BMW North America, et al.

Attached to Plaintiff's Motion is the Declaration of Tristram Buckley (the "Buckley Declaration"). (*See* Motion 20-21). It states that Plaintiff called BMW NA customer service on March 23, 2020 and, upon Plaintiff's request, the representative accessed "at least 7 emails and 7 telephone calls from" Plaintiff to BMW NA. (*Id.*) The representative also accessed details regarding a September 16, 2015 call from Plaintiff to BMW NA after Plaintiff provided the representative with his name. (*Id.*) Plaintiff claims this September 16, 2015 call is the same call alleged in the TAC for which the Court determined Plaintiff provided inadequate details. (*Id.*)

## II.     LEGAL STANDARD

In the Ninth Circuit, Rule 60(b) "provides for reconsideration [from a judgment] only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). "Reconsideration for any of the reasons set forth in Rule 60(b) is an 'extraordinary remedy that works against the interest of finality and should be applied only in exceptional circumstances.'" *Audionics Sys., Inc. v. AAMP of Fla., Inc.*, No. CV-12-10763 MMM (JEMx), 2015 WL 11201243, at *7 (C.D. Cal. Nov. 4, 2015) (citations omitted). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

## III.    DISCUSSION

### A.     Plaintiff Failed to Meet And Confer

Under Local Rule 7–3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7–3. "If the parties are unable to reach a resolution which eliminates the necessity for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                              Date:  July 1, 2020
Title:    Buckley v. BMW North America, et al.

hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'" *Id.*  A district court has discretion to deny a motion that fails to comply with the Local Rules.  *United States v. Kan-Di-Ki LLC*, No. CV 10-965, 2013 WL 12147597, at *1 (C.D. Cal. Mar. 21, 2013) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.")).

BMW NA contends that the Motion should be denied because Plaintiff did not meet and confer in compliance with Local Rule 7-3.  (Opposition 2).  Plaintiff responds that his failure to comply with local rules should be excused because he consulted a different court's rules.  (Reply 5).  Plaintiff also argues that Rule 3.10 of the Rules of Professional Conduct, which prohibits threatening charges to obtain an advantage in a civil suit, prevented compliance because the Motion is premised on the claim that BMW NA's counsel defrauded the Court.  (*Id.* 5-6).  Finally, Plaintiff argues that "Defense counsel has shown that meet and confer would not have been productive given her response set forth in her Opposition."  (*Id.* 6).

These explanations are baseless.  Plaintiff is an attorney. Referring to the wrong local rules is not grounds for noncompliance, particularly for a case pending since 2018.  The argument that Plaintiff is exempt from following rules because compliance "would not have been productive" is similarly inexcusable.  Finally, as explained below, the record does not support that BMW NA's counsel defrauded the Court.  As such, Plaintiff's failure to comply with Local Rule 7-3 warrants denial of the Motion.  *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("A determination of compliance with local rules is reviewed under an abuse of discretion standard.") (citing *Yagman v. Republic Ins.*, 987 F.2d 622, 630 (9th Cir. 1993))).

Accordingly, the Motion is **DENIED** because Plaintiff violated Local Rule 7-3.  Though the Motion can be denied for this reason alone, the Court now addresses its substantive grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                              Date:  July 1, 2020
Title:    Buckley v. BMW North America, et al.

### B. **Plaintiff Is Not Entitled To Relief Under Rule 60(b)**

Even if the Motion was not denied on procedural grounds, the Motion would be denied on the merits.

Plaintiff moves under Rules 60(b)(1), (2), (3), and (6) to set aside the judgment issued in the Court's MTD Order. (Motion 1). Plaintiff primarily argues that the Court misinterpreted Plaintiff's TAC and relied on misrepresentations made by BMW NA's counsel. (*See generally id.*) BMW NA responds that its counsel made no misrepresentations, and that Plaintiff has failed to meet his burden under Rule 60(b). (*See generally* Opposition). The Court agrees with BMW NA.

### 1. Mistake, Inadvertence, Surprise, Or Excusable Neglect

To obtain equitable relief from an order under Rule 60(b)(1), a party must show that the court's ruling was a result of "mistake, inadvertence, surprise, or excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing Fed. R. Civ. P. 60(b)(1)). A party may also be entitled to relief from a judgment or order due to the court's mistake or inadvertence. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350-52 (9th Cir. 1999).

Plaintiff argues that the MTD Order was riddled with the Court's mistakes, stating that "Plaintiff wonders if perhaps the Court did not have the Complete TAC before it given the Court's finding that Plaintiff did not allege BMW's failure to disclose safety defects." (Motion 7). Plaintiff summarizes allegations in the TAC already found deficient and argues that the Court erred in finding that they do not state a cognizable claim. (*Id.* 8-12). Plaintiff also asks the Court to reconsider its determination that BMW NA's alleged representations amounted to puffery, arguing that "whether a chassis is 'strong and durable' is objectively determinable." (*Id.* 13). Finally, Plaintiff describes at length the types of consumers he believes typically purchase the Z8 and concludes that he is entitled to relief from the judgment because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                             Date:  July 1, 2020
Title:    Buckley v. BMW North America, et al.

the Court should have considered the "nature of the Z8 product and BMW NA's targeting a particular kind of consumer." (*Id.* 17-19).

Plaintiff fails to show that the Court committed a mistake of law or fact in dismissing the TAC. As the MTD Order makes clear, the Court thoroughly considered the same allegations Plaintiff now reiterates in the Motion, and determined that those allegations fail to state a claim on which relief may be granted. (*See* Order 2-11 (summarizing TAC's allegations)). Plaintiff's recycled arguments concerning "puffery" and allegedly sufficient pleading are an improper attempt to relitigate the same arguments the Court already rejected. *Kinetics Noise Control, Inc. v. ECORE Intern., Inc.*, No. CV 10-7902 PSG (JEMx), 2011 WL 940335, *3 (C.D. Cal. Mar. 14, 2011) ("The remaining bulk of Plaintiff's Motion for Reconsideration merely recites the arguments that Plaintiff made in response to Defendant's Motion to Dismiss, and, as Defendant notes, no motion for reconsideration shall in any manner repeat any oral or written argument made in support or in opposition to the original motion"). The Court continues to adhere to the reasoning in its MTD Order, and the Motion offers no new arguments to challenge that reasoning, let alone grounds under Rule 60(b)(1) to revise it.

Nor does Plaintiff show that the Court erred in declining to allow Plaintiff to file a fifth version of his Complaint. While leave to amend is "freely given" in the context of Rule 15, it is to be granted "sparingly" and "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment" in the Rule 60(b) setting. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Even pro se litigants are not entitled to endless opportunities to amend their pleadings, particularly when the amendments allowed thus far have not brought the pleading closer to stating a plausible claim for relief under some cognizable theory. *See, e.g., Dean v. Southern California Edison*, 2013 WL 12143173, *3 (C.D. Cal. Sept. 17, 2013) ("[T]he Court has already granted Dean two opportunities to amend her Complaint. Because the Court cannot allow an endless opportunity to file an appropriate complaint, the Court declines to grant Dean another

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                                    Date:  July 1, 2020
Title:    Buckley v. BMW North America, et al.

opportunity to amend her complaint."). The record in this case is clear that Plaintiff had adequate opportunity to cure his complaints' deficiencies, but failed to do so.

Accordingly, there was no mistake by the Court under Rule 60(b)(1).

### 2. Newly Discovered Evidence

Under Rule 60(b)(2), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for ... newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)...." Fed. R. Civ. P 60(b)(2). "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence [is] of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane,* 331 F.3d 1082, 1093 (9th Cir. 2003).

Plaintiff fails to make this showing. He has adduced no "newly discovered evidence" that is of "such a magnitude" that its earlier discovery would have changed the outcome of the MTD Order. Plaintiff instead avers that he called BMW NA after the MTD Order was issued, and a representative accessed details concerning Plaintiff's calls to BMW NA that they previously claimed were inaccessible. (Motion 20-21). Plaintiff does not dispute that due diligence would have revealed this information earlier. Nor can he explain how it first became available after his fourth complaint, after Plaintiff opposed Defendant's Motion to Dismiss, and after the Court dismissed an earlier iteration of Plaintiff's complaint for lack of specificity.

Plaintiff also does not demonstrate that the "evidence" in his declaration constitutes "newly discovered evidence" that would have defeated BMW NA's Motion to Dismiss under Rule 9(b). Namely, Plaintiff points to no details gathered in his follow-up call to BMW NA that would satisfy the obligation to allege his fraud-based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                                   Date:  July 1, 2020
Title:    Buckley v. BMW North America, et al.

claims with specificity. Plaintiff has therefore cited no "newly discovered evidence" that calls into question the validity of the judgment entered in favor of BMW NA.

Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(2).

### 3. Fraud

Under Rule 60(b)(3), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party...." Fed. R. Civ. P. 60(b)(3). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey,* 362 F.3d at 1260 (quotation marks omitted). Rule 60(b)(3) requires that the fraud not be discoverable by due diligence before or during the proceedings. *Id.*

Plaintiff does not satisfy these requirements. The only evidence he offers to support his contention that BMW NA's counsel defrauded the Court is his declaration. (Motion 1-6). He declares that BMW NA represented that investigating details concerning Plaintiff's calls to BMW NA was "impossible," but that Plaintiff's efforts after the MTD Order demonstrated that such details were accessible. (*Id.*)

This self-serving declaration falls far short of proving by clear and convincing evidence that the judgment was obtained through fraud which prevented Plaintiff from defending against BMW NA's Motion to Dismiss. Plaintiff has not even presented competent evidence or authority demonstrating that BMW NA concealed facts that it was required to disclose, let alone that Plaintiff was unable to uncover details concerning a September 2015 call until after the MTD Order issued on March 9, 2020.

Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1255-MWF-SS                               Date:  July 1, 2020
Title:     Buckley v. BMW North America, et al.

### 4. Other Reasons Justifying Relief

Rule 60(b)(6) is a "catch-all" provision allowing for relief from a judgment or order for "any other reason that justifies relief." *See also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (9th Cir. 2006). This rule is used to prevent "manifest injustice" where extraordinary circumstances "prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* To obtain relief under Rule 60(b)(6), a party must show "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *Commn'y Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Though Plaintiff purports to seek relief under Rule 60(b)(6), he provides no authority or argument with respect to this "catch-all" provision. (*See generally* Motion). The Court therefore determines that Plaintiff has not demonstrated that any manifest injustice would occur if the Court declines to modify the MTD Order.

Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6).

## IV. **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

IT IS SO ORDERED.