UNITED STATES DISTRICT COURT                    JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 19-1255-MWF (SSx)**                    **Date:  November 10, 2020**

Title:     Buckley v. BMW of North America et al

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|   |   |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING REMAINING DEFENDANTS
WITHOUT PREJUDICE

On October 23, 2018, Plaintiff Tristram Buckley commenced this action in Los Angeles County Superior Court.  (*See* Docket No. 1-1).  On February 20, 2019, BMW of North America ("BMW NA") timely removed this action.    (Docket No. 1).

On May 20, 2019, BMW NA filed a motion to dismiss, and on July 25, 2019, Plaintiff filed a motion to remand.  (Docket Nos. 16 and 24).  On December 2, 2019, the Court denied the motion to remand and granted the motion to dismiss with leave to amend.  (Docket No. 30).  On December 16, 2019, Plaintiff filed a Third Amended Complaint ("TAC").  (Docket No. 32).  On December 30, 2019, BMW NA filed a motion to dismiss the TAC.  (Docket No. 33).  On March 9, 2020, the Court granted BMW NA's motion to dismiss the TAC without leave to amend.  (Docket No. 41).  On July 1, 2020, the Court denied Plaintiff's Motion for Reconsideration.  (Docket No. 64).

BMW NA is the only Defendant in this action which has appeared or filed any response to any complaint.  Accordingly, on March 9, 2020, the Court issued an Order to Show Cause with respect to the other named Defendants – Bayerische Motoren Werke Aktiengesellschaft, David Spiegel, South Shore BMW, BMW Gallery, European Automotive Gallery Inc., Alan Zaidan, Ed Amaral, Sokol Sota, and Ludwig Willisch.  (Docket No. 42).  In response, on April 8, 2020, Plaintiff filed a Motion for Default Judgment with respect to three of the remaining Defendants – David Spiegel, European Automotive Gallery, Inc., and South Shore BMW.  (Docket No. 51).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-1255-MWF (SSx)**                    **Date:  November 10, 2020**
Title:      Buckley v. BMW of North America et al

On June 2, 2020, the Court denied Plaintiff's Motion for Default without prejudice, ordering Plaintiff to serve the TAC on the remaining Defendants.  (Docket No. 62).  On June 24, 2020, Plaintiff filed a proof of service indicating he served David Spiegel, South Shore BMW, and European Automotive Gallery, Inc. by mail at 918 Providence Highway, Norwood, Massachusetts 02062.  (Docket No. 63).  Plaintiff refiled this proof of service on October 15, 2020.  (Docket No. 72).

Accordingly, on July 24, 2020, the Court issued an Order to Show Cause re Service on Remaining Defendants ("OSC").  (Docket No. 65).  The OSC dismissed Defendants Bayerische Motoren Werke Aktiengesellschaft, BMW Gallery, Alan Zaidan, Ed Amaral, Sokol Sota, and Ludwig Willisch without prejudice.  (*Id*. at 2).  With respect to Defendants David Spiegel, South Shore BMW, and European Automotive Gallery Inc. (the "Remaining Defendants"), the OSC ordered Plaintiff to "show cause, in writing, why serving by mail as indicated in his proof of service was sufficient to serve these three Defendants."  (*Id*.).

On August 5, 2020, Plaintiff filed his response to the OSC (the "Response").  (Docket No. 69).  In his Response, Plaintiff stated that he served the Remaining Defendants by first-class mail, which satisfies both state and federal law.  (*See generally id*.).

On October 16, 2020, the Court issued a second order to show cause (the "Second OSC"), which explained that:

> Plaintiff's Response missed the point of the OSC; the Court understands that service via first class mail can constitute reasonable service, however the Court is not convinced that service ***was effectuated in this case*** because of the ***address*** Plaintiff used.  Specifically, Plaintiff served the Remaining Defendants at 918 Providence Highway, Norwood, MA, 02062.  (Docket Nos. 63, 72).  However, the Court is not convinced that the Remaining Defendants are located in Massachusetts.  Plaintiff has offered no evidence suggesting as much, and Plaintiff alleges that he purchased his car from South Shore BMW "while in Los Angeles."  (TAC ¶¶ 23-31).

---

**CIVIL MINUTES—GENERAL**                                                    **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 19-1255-MWF (SSx)**                    **Date:** **November 10, 2020**
Title:        Buckley v. BMW of North America et al

> Additionally, Plaintiff has not shown that David Spiegel is a corporate officer, general manager, or "a person authorized by the corporation to receive service of process." *Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1434, 29 Cal. Rptr. 2d 746 (1994); *see also* Robert I. Weil, et al., *Rutter Group California Practice Guide: Civil Procedure Before Trial*, § 4:296 (updated June 2018) ("mailing a summons to the corporation itself is *not* valid service").

(Second OSC at 2-3 (Docket No. 72)).  The Court stated that Plaintiff would have "***one more chance*** to sufficiently demonstrate the address he used for service was the appropriate address for service." (*Id.* at 3).

On October 30, 2020, Plaintiff filed a response to the Second OSC (the "Second Response").  (Docket No. 74).  The Second Response does not comply with the Court's OSC to "demonstrate the address he used for service ***was the appropriate address*** for service." (Second OSC at 3) (emphasis added).  Plaintiff offers no explanation for why he believes that the Remaining Defendants' addresses are located in Massachusetts.  Rather, the Second Response repeats the same arguments that Plaintiff already made in the Response, *i.e.*, how service via first-class mail was a permissible form of service under California state law.  (*See generally* Second Response).

Because Plaintiff was warned that he would have ***one more chance*** to make the appropriate showing in response to the Court's OSC, and because Plaintiff failed to do so, the action is **DISMISSED** ***without prejudice*** as to the Remaining Defendants.

IT IS SO ORDERED.